**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | |
|---|---|
| DANIEL CERAJEWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:07-CV-001 JVB |
| | ) |
| FINANCIAL RECOVERY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

**A. Background and Facts**

On January 3, 2007, Plaintiff filed his Complaint, asserting federal question jurisdiction under 28 U.S.C. § 1331, because the claim arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.[1] The Plaintiff alleged that Defendant, a debt collector within the meaning of the FDCPA, violated the Act by various actions, including making false representations about the "character, amount or legal status" of a debt and by sending a letter to Plaintiff around January 4, 2007. Defendant filed its answer on March 9, 2007, admitting that it is a debt collector as defined in the FDCPA and further admitting that Plaintiff's claim arises under the FDCPA. The Court is satisfied that it has subject matter jurisdiction over the claim.

On October 10, 2007, Defendant filed its Motion for Summary Judgment and supporting

---

[1] Below the signature line of the Complaint the following is found: "Plaintiff's attorneys . . . are filing this lawsuit to preserve the Statute of Limitations."

memorandum of law with affidavits. Under Northern District of Indiana Local Rule 56.1, a response was due thirty days later. Nonetheless, by February 21, 2008, when the Court conducted a telephonic scheduling conference, Plaintiff had filed no response. The Court was unable to reach Plaintiff's counsel by telephone to participate in the scheduling conference. The Court allowed the Plaintiff an additional thirty days from the date of the conference within which to file a response to the Defendant's motion. To date, Plaintiff has filed no response of any kind.

According to the Statement of Material Facts set forth in Defendant's memorandum and supported by the affidavit of Brian C. Bowers, a representative of Defendant, Resurgent Capital Service, LP placed Plaintiff's Sears-Citibank account with Defendant for collection around October 14, 2005. Resurgent supplied the Plaintiff's name, account number, and address and stated that the amount of the debt was $7,655.04. On or about October 17, 2005, Defendant sent Plaintiff its initial collection letter. The letter identified the original creditor, the account number and the updated balance of the account. The letter included the following notice:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.

(Bowers Aff. Ex. A.)

The October 17, 2005, letter was sent to Plaintiff at the Merrillville, Indiana address supplied by Resurgent. The letter was not returned to Defendant as undeliverable. Defendant sent additional collection letters to Plaintiff at the same address on November 21, 2005, and January 4, 2006. The November 21 letter was not returned; Plaintiff admits receiving the January 4 letter. Plaintiff never notified the Defendant that Plaintiff disputed the validity of the

debt before filing this action.

**B. Analysis**

Under Federal Rule of Civil Procedure 56(b), a defendant may move at any time for summary judgment on all or part of the plaintiff's claims. A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set

3

forth specific facts to establish that there is a genuine issue for trial." Under Northern District of Indiana Local Rule 56.1(a), the adverse party has thirty days from the date a motion for summary judgment is served to file and serve a Statement of Genuine Issues for Trial and any material controverting the movant's position.  The Court must assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to the extent that the nonmoving party does not controvert them in a properly supported Statement of Genuine Issues. Pursuant to Northern District of Indiana Local Rule 7.1., failure to file a response within the time prescribed may result in a summary ruling.

Because Plaintiff has failed to respond to Defendant's motion or controvert its Statement of Material Facts in any way, the Court accepts the facts presented by Defendant as true.  The information concerning Plaintiff's Sears-Citibank account set forth in the Defendant's collection letters to the Plaintiff are an accurate restatement of the information provided by Defendant's client Resurgent Capital Services, LP.  There is no factual basis from which the trier of fact could conclude that Defendant made any false representations about the character, amount, or legal status of the debt, or that Defendant violated the Fair Debt Collection Practices Act in any other way.  Plaintiff has failed to established a genuine issue for trial.  Accordingly, the Defendant's motion is **GRANTED.**

SO ORDERED on August 5, 2008.

  s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge